**In re WOOD COMM FUND I, INC., Debtor.**

**SOLON AUTOMATED SERVICES, INC., Plaintiff,**

v.

**WOOD COMM FUND I, INC., Defendant.**

Bankruptcy No. BK–89–00520–C.

Adv. No. 90–0116–C.

United States Bankruptcy Court, N.D. Oklahoma.

July 20, 1990.

Gretchen A. Harris, Ruth A. Brummett of Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, Okl., for plaintiff.

Mark A. Craige, Tulsa, Okl., for defendant.

## ORDER GRANTING INJUNCTION AND DECLARATORY JUDGMENT

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on for hearing on June 26, 1990 upon the Plaintiff's Complaint for an injunction and for declaratory judgment. The parties submitted briefs on the issues before the Court and the matter was taken under advisement. The instant ruling is made based upon the issues presented in the briefs to the Court.

### FINDINGS OF FACT

1. On July 2, 1979, the Emerald Green Apartments, predecessor of the Debtor, Wood Comm Fund I, Inc. d/b/a Breckenridge Apartments ("Wood Comm") entered into a ten (10) year lease with United Coin Meter, predecessor of Solon Automated Services, Inc. ("Solon").

2. The lease was renewed for an additional ten (10) year period commencing July 2, 1989.

3. The lease provided that Emerald Green Apartments (now Wood Comm) was the owner and lessor of the property consisting of 364 apartment units located at 8800 South Lewis, Tulsa, Oklahoma.

4. The lease provided that the lessor leased the "laundry room(s) on the premises" to the lessee.

5. The lease provided that the lessee would have exclusive possession after installation of the laundry equipment, for which it would pay fifty percent (50%) of the gross receipts to the lessor as rent.

6. The lease provided that the lessee would have the exclusive and quiet use, possession and enjoyment of the premises leased during the lease term.

7. On March 2, 1989, Wood Comm filed for relief under Chapter 11 of the United States Bankruptcy Code.

8. On September 20, 1989, Wood Comm filed a motion to reject the lease with Solon.

9. On December 8, 1989, this Court approved the requested rejection.

10. Solon exercised its rights under 11 U.S.C. § 365(h)(1) to remain in possession of the leased premises.

11. On April 24, 1990, Solon filed the instant adversary proceeding pursuant to 11 U.S.C. §§ 105 and 365.

12. Post-petition, Wood Comm created two new satellite laundry rooms on the apartment premises and leased them to Solon's competitor, Sharp.

13. Solon sought an injunction prohibiting Wood Comm from leasing the laundry rooms to anyone but it and sought a declaratory ruling that Solon had the exclusive right to operate laundry rooms on the premises.

## CONCLUSIONS OF LAW

1. Pursuant to 11 U.S.C. § 365(h), a debtor/lessor can reject an unexpired lease and be relieved from any future performance under the lease, but the lessee has a right to remain in possession of the leasehold estate and can deduct from his rent the amount of any damages caused by the debtor's failure to perform covenants under the lease.

2. The lessee still has his estate in the property. *See, In re LHD Realty Corp.,* 20 B.R. 717 (Bankr.S.D.Ind.1982) which provides:

> It is clear that Congress' intent was to afford the debtor the benefit of rejecting an undesirable lease while at the same time protecting the property rights of the lessee. (Citations omitted) Thus, "rejection of the lease results merely 'in the cancellation of covenants requiring performance in the future [e.g. the providing of utilities, repair and maintenance, janitorial services, etc., ...] by the debtor; rejection does not terminate the lease completely so as to divest the lessee of his estate in the property." (Citations omitted)

*Id.* at 719.

3. The debtor cannot deprive the lessee of its possessory property interest in the leased premises. *See, In re Upland/Euclid, Ltd.,* 56 B.R. 250 (BAP 9th Cir.1985) which states that:

> The debtor/lessor may reject a lease, provide no more services, and stop the flow of funds benefiting the lessee but cannot deprive the lessee of its possessory property interest in the leased premises.

*Id.* at 252.

4. Rejection does not deprive the lessee of his estate. *See, In re Stable Mews Associates,* 35 B.R. 603 (Bankr.S.D.N.Y. 1983).

5. The leased premises consists of the laundry rooms located anywhere in the apartment complex and not just the room currently occupied by Solon. The lease describes the leased property as 8800 South Lewis, the entire complex consisting of 364 apartment units.

6. In construing the intent of the parties, this Court finds that the leased premises consists of *all* the laundry rooms in the complex, regardless of when the rooms were created, so long as the lease term remains in effect.

7. The lessee's leasehold estate cannot be diminished or changed or modified simply due to the intervention of bankruptcy. The lessee's estate is preserved.

IT IS THEREFORE ORDERED that Solon is entitled to exclusive and quiet possession of any laundry rooms on the leased premises. Wood Comm is hereby enjoined from leasing the laundry rooms on the subject premises to anyone but Solon, for the life of the lease term.